# Sturgeon, Appellant, *v.* Borough of Oakdale.

*Contracts—Agreement of municipality and property owner—Consideration—Construction of sewer—Benefits—Damages.*

An agreement between a borough and the owner of lands upon which the borough had determined to locate its sewage disposal plant, whereby, in consideration of the right to lay its sewer pipes over and across those lands, the plant was located elsewhere, is a valid contract.   The effect of such an agreement was to compensate the owner for all damages sustainable by him in consequence of the lawful construction, operation and maintenance of the sewer.

*Equity—Contracts—Acceptance of benefits—Refusal of relief.*

The owner of lands having agreed, for his own benefit, to the construction of a sewer across his property, his successor in title is not entitled to relief in equity from the burden imposed upon his property by the agreement.

It was not error for a court of equity to refuse damages and relief from the consequences of his devisor's contract, at the suit of a devisee, where it appeared that the devisor had accepted the benefits of the contract for nearly two years without any complaint.

Argued April 28, 1921.   Appeal, No. 94, April T., 1921, by plaintiff, from decree of C. P. Allegheny County, Jan. T., 1920, No. 1159, sitting in equity, dismissing the bill in equity, in the case of Walter G. Sturgeon v. Borough of Oakdale.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Bill in equity for damages and abatement of nuisance. Before SHAFER, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill.   Plaintiff appealed.

448, (1921).] Assignment of Error—Opinion of the Court.

- *Error assigned,* among others, was the decree of the court.

*Robert H. Leitch,* of *Leitch & Adelman,* for appellant. —One whose property has been subjected to permanent injury by the construction of a continuing nuisance is entitled to damages without regard to negligence: Carpenter v. Lancaster, 212 Pa. 581; Wagner v. Purity Water Co., 241 Pa. 328; Rider v. York Haven W. & P. Co., 251 Pa. 18; Becker v. Lebanon St. Ry. Co., 30 Pa. Superior Ct. 546; Davis v. S. W. Penn Pipe Lines, 34 Pa. Superior Ct. 438; Truby v. American Natural Gas Co., 38 Pa. Superior Ct. 166.

*Harry J. Nesbit,* and with him *Joseph F. Wallace,* for appellee.—The damages, if any, were incidental to the original entry and accrued to the owner at the time and did not pass to his successor in title: McFadden v. Johnson, 72 Pa. 335; Moore v. City of Lancaster, 212 Pa. 642; Kaufmann v. Pittsburgh, 248 Pa. 41; Sebree v. Huntington Water Supply Co., 72 Pa. Superior Ct. 553.

OPINION BY LINN, J., October 17, 1921:

This appeal is from a decree dismissing plaintiff's bill in equity. The important averments were that in October, 1916, he became the owner of twenty-one acres of farm land by the devise of his brother Samuel H. Sturgeon; that with the devisor's assent, the defendant borough had constructed a twenty-inch sewer across the land in 1914; that the sewer was supported over a natural watercourse by a concrete structure or bridge which was so constructed "as to leave only twelve inches of vertical space between the said bridge and the bed of said watercourse, and during any rainfall of ordinary quantity, the watercourse becomes clogged up at said bridge, so that the surface waters cannot pass through ......" thereby flooding his farm consisting not only of the twenty-one acres but also of other adjacent land be-

longing to him. He prayed (a) for "such reconstruction of said sewer line that said watercourses shall be as open to passage of surface waters as before same was constructed"; (b) reconstruction so "that the top thereof shall be level with or beneath the natural surface of the land"; (c) for damages sustained since October, 1916; (d) that the borough "remedy said conditions within 30 days."

The answer contained averments generally denying any nuisance alleged; stated that in October, 1914, Samuel H. Sturgeon, the owner, orally agreed that the sewer should be constructed across the land in consideration that the borough should not, as contemplated, place its sewerage disposal plant on this tract but upon a tract further away; that the sewer and the system were accordingly constructed in December, 1914, and were in service.

There was a trial on the issues so made. Among the findings of fact, fully supported by evidence, and unexcepted to, were the following:

"In the year 1914 one Samuel H. Sturgeon was the owner of a tract of land containing twenty-one acres, located near the Borough of Oakdale in Allegheny County. The borough in that year passed ordinances for the construction of a sanitary sewer system, and proposed to put its disposal plant and filter-beds on this land. The owner, being desirous that the disposal plant should not be put upon his property, agreed with the borough that they might lay their sewer line through his property, provided they would put the disposal plant on another piece of ground farther from the borough. The borough thereupon placed its disposal plant as agreed upon and laid its sewer across the land in question near the bank of Robinsons Run, where the sewer crossed a small stream running into Robinsons Run, provision being made for the water of the stream by placing two large sewer pipes in the bed of the stream under the sewer."

The chancellor affirmed the following requests presented by plaintiff:

"That where said sewer-line crosses the said watercourse, a concrete bridge was constructed, about ten feet long, two feet wide, and in depth between four or five feet, extending down into the V-shaped ravine through which said surface waters run. That under said concrete bridge there was a space of about three feet to the bottom of said ravine, and in said space the borough laid two 24-inch sewer pipes, with the evident intention that said two pipes would act as sluice-ways through which the surface waters would run."

To the request to find that "The two 24-inch sewer pipes failed to carry away the surface waters frequently dammed up at said sewer line where it crosses the watercourse, and spread back over the plaintiff's farm; in 1918 the same condition was present; and in 1919 the conditions became worse," the chancellor answered "affirmed as to the sewer line when not cleaned out." He refused to find the following: "Owing to the fact that the borough did not leave sufficient space under its sewer line where it crosses said watercourse, the waters dammed back during even ordinary rainfalls and the silt and stones were deposited until the space under the concrete bridge completely closed up and the two 24-inch sewer pipes were completely submerged."

The only exceptions filed below were to two conclusions of law but one of which we need quote: "The prayer of the plaintiff's bill is that the Borough of Oakdale be required to reconstruct and replace its sewer so that the top of it shall be level with, or below the natural surface of the land, and so that the watercourse in question shall be as open as it was before the sewer was constructed. As the sewer was constructed under an agreement with the former owner of the land, and so far as appears, in the manner agreed upon between the defendant and that owner, the defendant has a right to

maintain its sewer as it is. It cannot therefore be re-quired to remove the sewer, or to change its location."

The decree was founded upon that conclusion and both are now assigned for error. The conclusion is inevitable from the facts. There was evidence that the borough took the necessary preliminary steps to exercise an un-doubted power to construct a sewerage system. Instead of condemning the required property owned by Samuel H. Sturgeon, the borough and he agreed (as the statute contemplates they may) that the sewer should be con-structed across the farm. The effect of that agreement was to compensate the owner for all damages sustain-able by him in consequence of the lawful construction, operation and maintenance of the sewer: Railway Co. v. Swank, 105 Pa. 555, 561; Pettit v. R. R. Co., 222 Pa. 490, 499; of course it did not compensate for insufficiently culverting a watercourse; Ry. Co. v. Gilleland, 56 Pa. 445, 449; Berninger v. Ry. Co., 203 Pa. 516, a condition not raised by this record. After the construction and use of the sewer, and until his death nearly two years later, Samuel H. Sturgeon had the farm, physically encumbered with the sewer crossing the watercourse as stated in the findings quoted, and, as has been stated, he had received his compensation for any diminution so resulting in the value of his land. At his death, his de-visee, the appellant, took the farm with the sewer law-fully there. There is nothing in the record permitting the court to grant the relief prayed for.

The decree is affirmed; costs to be paid by appellant.